JINA L. CHOI (NY Bar No. 2699718)
JOHN S. YUN (CA Bar No. 112260)
  yunj@sec.gov
SHEILA E. O'CALLAGHAN (CA Bar No. 131032)
  ocallaghans@sec.gov
ALICE L. JENSEN (CA Bar No. 203327)
  jensena@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | **Case No. 3:15-cv-03101** |
| Plaintiff, | |
| v. | |
| LUCA INTERNATIONAL GROUP, LLC; LUCA RESOURCES GROUP, LLC; LUCA ENERGY FUND, LLC; ENTHOLPY EMC, INC.; BINGQING YANG; LEI (LILY) LEI; ANTHONY V. POLLACE; and YONG (MICHAEL) CHEN, | |
| Defendants, and | |
| LUCA OPERATION, LLC; LUCA BARNETT SHALE JOINT VENTURE; LUCA TO-KALON ENERGY, LLC; LUCA OIL, LLC; LUCA I, LIMITED PARTNERSHIP; LUCA OIL II JOINT VENTURE; J&Q INT'L TRADING, INC.; SKYLINE TRADING, LLC; and XIANG LONG ZHOU, | |
| Relief Defendants. | |

**FINAL JUDGMENT AS TO DEFENDANT ANTHONY V. POLLACE**

Case No. 3:15-cv-03101

1  The Securities and Exchange Commission having filed a Complaint and Defendant
2  Anthony V. Pollace having entered a general appearance; consented to the Court's jurisdiction over
3  Defendant and the subject matter of this action; consented to entry of this Final Judgment without
4  admitting or denying the allegations of the Complaint (except as to jurisdiction and except as
5  otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and
6  waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### II.

It Is HEREBY Further Ordered, Adjudged, And Decreed that Defendant is permanently restrained and enjoined from violating Section 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

      (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty of $25,500 pursuant to Section 20( d) of the Securities Act, but the Court is not imposing a greater penalty based on his sworn representations in his Statement of Financial Condition dated December 21, 2014 and other documents and information submitted to the Commission. Defendant shall satisfy this obligation by paying $25,500 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph IV below after entry of this Final Judgment. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

1  and shall be accompanied by a letter identifying the case title, civil action number, and name of this
2  Court; Anthony V. Pollace as a defendant in this action; and specifying that payment is made
3  pursuant to this Final Judgment.
4        Defendant shall simultaneously transmit photocopies of evidence of payment and case
5  identifying information to the Commission's counsel in this action.  By making this payment,
6  Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the
7  funds shall be returned to Defendant.
8        The Commission may enforce the Court's judgment for a civil penalty through collection
9  procedures authorized by law at any time after 14 days following entry of this Final Judgment.
10 Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.
11 The Commission shall hold the funds, together with any interest and income earned thereon
12 (collectively, the "Fund"), pending further order of the Court.
13       The Commission may propose a plan to distribute the Fund subject to the Court's approval.
14 Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of
15 Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the
16 administration of any distribution of the Fund.  If the Commission staff determines that the Fund will
17 not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the
18 United States Treasury.
19       Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as
20 civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all
21 purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant
22 shall not, after offset or reduction of any award of compensatory damages in any Related Investor
23 Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor
24 shall he further benefit by, offset or reduction of such compensatory damages award by the amount of
25 any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in
26 any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry
27 of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay
28 the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission

1  directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to
2  change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a
3  "Related Investor Action" means a private damages action brought against Defendant by or on behalf
4  of one or more investors based on substantially the same facts as alleged in the Complaint in this
5  action.

6        The determination to not impose a greater penalty is contingent upon the accuracy and
7  completeness of Defendant's Statement of Financial Condition.  If at any time following the entry of
8  this Final Judgment the Commission obtains information indicating that Defendant's representations
9  to the Commission concerning his assets, income, liabilities, or net worth were fraudulent,
10 misleading, inaccurate, or incomplete in any material respect as of the time such representations were
11 made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the
12 Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment
13 and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In
14 connection with any such petition, the only issue shall be whether the financial information provided
15 by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the
16 time such representations were made.  In its petition, the Commission may move this Court to
17 consider all available remedies, including, but not limited to, ordering Defendant to pay funds or
18 assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The
19 Commission may also request additional discovery.  Defendant may not, by way of defense to such
20 petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations
21 in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment
22 and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of
23 disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the
24 maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy,
25 including, but not limited to, any statute of limitations defense.  Defendant shall also pay post-
26 judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.
27
28

IV.

Anthony V. Pollace shall pay the penalty due of $25,500 in sixty-one (61) installments to the Commission according to the following schedule:  (1) $7,500, within ten (10) days of entry of this Final Judgment; (2) $300 monthly thereafter for the next sixty (60) months.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Anthony V. Pollace shall contact the staff of the Commission for the amount due for the final payment.

If Anthony V. Pollace fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, pre-judgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  June 20, 2016

_____
UNITED STATES DISTRICT JUDGE