```
 1  JINA L. CHOI (NY Bar No. 2699718)
    JOHN S. YUN (CA Bar No. 112260)
 2    yunj@sec.gov
    SHEILA E. O'CALLAGHAN (CA Bar No. 131032)
 3    ocallaghans@sec.gov
    ALICE L. JENSEN (CA Bar No. 203327)
 4    jensena@sec.gov

 5  Attorneys for Plaintiff
    SECURITIES AND EXCHANGE COMMISSION
 6  44 Montgomery Street, Suite 2800
    San Francisco, California 94104
 7  Telephone: (415) 705-2500
    Facsimile: (415) 705-2501
 8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:15-cv-03101 CRB |
| Plaintiff, | **FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS LUCA INTERNATIONAL GROUP, LLC, LUCA RESOURCES GROUP, LLC, LUCA ENERGY FUND, LLC AND RELIEF DEFENDANTS LUCA OPERATION, LLC, LUCA BARNETT SHALE JOINT VENTURE, LUCA TO-KALON ENERGY, LLC, LUCA OIL, LLC, LUCA I, LIMITED PARTNERSHIP, and LUCA OIL II JOINT VENTURE** |
| v. | |
| LUCA INTERNATIONAL GROUP, LLC; LUCA RESOURCES GROUP, LLC; LUCA ENERGY FUND, LLC; ENTHOLPY EMC, INC.; BINGQING YANG; LEI (LILY) LEI; ANTHONY V. POLLACE; and YONG (MICHAEL) CHEN, | |
| Defendants, and | Date: NA<br>Time: NA<br>Judge: Charles R. Breyer<br>Courtroom: 6 (17th Floor) |
| LUCA OPERATION, LLC; LUCA BARNETT SHALE JOINT VENTURE; LUCA TO-KALON ENERGY, LLC; LUCA OIL, LLC; LUCA I, LIMITED PARTNERSHIP; and LUCA OIL II JOINT VENTURE, | |
| Relief Defendants. | |

# FINAL JUDGMENT

Plaintiff Securities and Exchange Commission (the "Commission") having filed a Complaint in this matter and defendants Luca International Group, LLC ("Luca International"), Luca Resources Group, LLC ("Luca Resources") and Luca Energy Fund, LLC ("Luca Energy") (together, "Defendants") and Relief Defendants Luca Operation LLC ("Luca Operation"), Luca Barnett Shale Joint Venture ("Luca Barnett Venture"), Luca Oil, LLC ("Luca Oil"), Luca To-Kalon Energy, LLC ("Luca To-Kalon"), Luca I Limited Partnership ("Luca I"), Luca Oil II Joint Venture ("Luca Oil II") (together "Relief Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and Relief Defendants and over the subject matter of this action; consented to the entry of this Final Judgment without admitting or denying the Complaint's allegations; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud; or

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Luca International is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from, violating Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(1), (2) & (4), and Rule 206(4)-8 thereunder, 17 C.F.R.

275.206(4)-8, by, directly or indirectly, by the use of any means or instrumentality of interstate commerce

 (a) employing any device, scheme, or artifice to defraud any client or prospective client;

 (b) engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client;

 (c) engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or

 (d) while acting as an investment adviser to a pooled investment vehicle:

  1. making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

  2. otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Luca International, Luca Resources and Luca Energy and Relief Defendant Luca Operation shall pay, jointly and severally, $68.3 million in disgorgement (the "Disgorgement"), as being the amount raised from investors as alleged in the Complaint; Relief Defendant Luca Barnett Venture shall pay, and is jointly and severally liable with the Defendants and Relief Defendant Luca Operation for, $2.4 million of the Disgorgement; Relief Defendant Luca Oil shall pay, and is jointly and severally liable with the Defendants and Relief Defendant Luca Operation for, $41 million of the Disgorgement; Relief Defendant Luca To-Kalon shall pay, and is jointly and severally liable with the Defendants and Relief Defendant Luca Operation for, $9 million of the Disgorgement; Relief Defendant Luca I shall pay, and is jointly and severally liable with the Defendants and Relief Defendant Luca Operation for, $8 million of the Disgorgement; and Relief Defendant Luca Oil II shall pay, and is

jointly and severally liable with the Defendants and Relief Defendant Luca Operation for, $7.9 million, of the Disgorgement.

Defendants and Relief Defendants shall allow and not contest the Commission's claim for $68.3 million in *In re: Luca International Group, LLC*, Case No. 15-34221-H2-11 (Bankr. S.D. Tex.) (jointly administered) ("Bankruptcy Case"). Defendants' and Relief Defendants' obligation to pay, jointly and severally, the disgorgement amounts ordered above is limited to the dollar amount of funds to be paid to the Commission, and directly allocated to investors, as a result of the treatment of the Commission's claim for disgorgement as provided in a confirmed Joint Chapter 11 Plan of Liquidation in the Bankruptcy Case (the "Confirmed Plan").

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) defendants Luca International's, Luca Resources' and Luca Energy's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendants Luca International, Luca Resources and Luca Energy or with anyone described in (a).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  July 25, 2016

_____
Charles R. Breyer
UNITED STATES DISTRICT COURT JUDGE